UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LATOSHIA R. NORRIS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:12CV816 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on pro se Movant Latoshia Renea Norris' Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed May 2, 2012. (ECF No. 1).

## **BACKGROUND**

By way of background, on June 14, 2011, Movant pled guilty to one count of knowingly enticing an individual to travel in interstate commerce to engage in prostitution, in violation of 18 U.S.C. § 2422(a). Neither the Government nor Movant filed objections to the Presentence Investigation Report, and on October 7, 2011, the Court sentenced Movant to 51 months imprisonment, to be followed by a lifetime term of supervised release. Movant did not appeal her conviction or sentence.

As stated above, Movant filed the instant § 2255 Motion on May 2, 2012[1], alleging the following three grounds for relief:

---

[1] "A 1-year period of limitation shall apply to a motion under [§ 2255]." 28 U.S.C. § 2255(f). "The limitation period shall run from...(1) the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). As stated above, the Court entered its Judgment on October 7, 2011.

(1) That Movant's guilty plea was unlawfully induced, or entered involuntarily without a full understanding of the nature of the charge or the consequences of the plea;

(2) That Movant's conviction was flawed because her confession/statement was coerced; and

(3) That Movant received ineffective assistance of counsel, in that counsel convinced her to execute a plea agreement without explaining the risks and benefits of the plea offer; failed to negotiate a lower sentence due to her status as a first time offender; and failed accurately to describe her role as a victim in the case, or to characterize her as someone influenced by her co-defendant.

(§ 2255 Motion, P. 4).

## STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack,..." 28 U.S.C. § 2255(a). Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) (citations omitted).[2]

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no

---

The present motion, filed May 2, 2012, thus is within the 1-year limitation period provided for in § 2255.

[2] "[A]t least where mere statutory violations are at issue, '§ 2255 was intended to mirror § 2254 in operative effect.'" *Reed*, 512 U.S. at 353 (quoting *Davis v. United States*, 417 U.S. 333, 344, 94 S.Ct. 2298, 2304, 41 L.Ed.2d 109 (1974)).

relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citation omitted).

## DISCUSSION

**I.**     **Ground 1**

As stated above, in Ground 1 of her § 2255 Motion Movant asserts her guilty plea was unlawfully induced, or entered involuntarily without a full understanding of the nature of the charge against her or the consequences of the plea. (§ 2255 Motion, P. 4).

During the Change of Plea Proceeding in the instant case, the District Court questioned Movant extensively with respect to her decision to plead guilty, as follows:

| | |
|---|---|
| THE COURT: | Now, do you understand that you are under oath and if you would answer any of my questions falsely you might later be prosecuted for making a false statement or for perjury? |
| DEFENDANT: | Yes.... |
| THE COURT: | And how old are you? |
| DEFENDANT: | 25…. |
| THE COURT: | How far have you gone in school? |
| DEFENDANT: | I got my GED…. |
| THE COURT: | Have you ever been treated for any kind of—any addiction to narcotic drugs? |
| DEFENDANT: | No. |
| THE COURT: | Have you ever been treated for any addiction to alcohol? |

| | |
|---|---|
| DEFENDANT: | No. |
| THE COURT: | Are you taking any medication today, any prescription, over the counter, or other drugs? |
| DEFENDANT: | No. |
| THE COURT: | And have you had any alcohol today? |
| DEFENDANT: | No. |
| THE COURT: | Miss Norris, have you received a copy of the information[3] in this case? |
| DEFENDANT: | Yes. |
| THE COURT: | And have you had an opportunity to review and discuss that information, the charge in that information with [your attorney,] Mr. Bruns[4]? |
| DEFENDANT: | Yes. |
| THE COURT: | Now, do you have any questions about the charge contained in that information? |
| DEFENDANT: | No.... |
| THE COURT: | Miss Norris, I have received a document entitled guilty plea agreement. This is a 14-page document....Miss Norris, have you had an opportunity to review and discuss the provisions of this document with Mr. Bruns? |
| DEFENDANT: | Yes. |
| THE COURT: | And are you in agreement with everything contained in this document? |
| DEFENDANT: | Yes. |
| THE COURT: | Is there anything in this document with which you disagree? |
| DEFENDANT: | No. |
| THE COURT: | Do you have any questions about any provision of this document? |

---

[3] Movant waived her right to be charged by indictment.
[4] Mr. David Bruns represented Movant throughout her criminal matter.

| | |
|---|---|
| DEFENDANT: | No. |
| THE COURT: | Has anyone made any promises or assurances to you other than what's contained in the guilty plea agreement in-- |
| DEFENDANT: | No. |
| THE COURT: | --order to cause you to plead guilty today? |
| DEFENDANT: | No. |
| THE COURT: | Has anyone tried to force or coerce you into pleading guilty? |
| DEFENDANT: | No. |
| THE COURT: | Are you doing this of your own free will? |
| DEFENDANT: | Yes…. |
| THE COURT: | Miss Norris, do you understand that the maximum possible penalty under law for the offense in count one is imprisonment of not more than 20 years, a fine of not more than $250,000, or both imprisonment and a fine? |
| DEFENDANT: | Yes. |

(Change of Plea Hearing Transcript (4:11CR247 JCH, ECF No. 37), PP. 2-4, 7-9). Ms. Collins[5] then stated the relevant facts in Movant's case. (Id., PP. 13-17). Movant testified under oath that she agreed with everything Ms. Collins had stated, and that she had committed the acts as described by Ms. Collins and in the stipulation. (Id., P. 17). When asked how she intended to plead to the information, guilty or not guilty, Movant stated guilty. (Id.).

Based on Movant's representations during her change of plea proceeding, the Court held as follows:

| | |
|---|---|
| THE COURT: | It is the finding of the Court in the case of United States versus Norris that the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the |

---

[5] Ms. Noelle Collins was the Assistant United States Attorney assigned to Movant's case.

> plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense in the information. The plea to the information is therefore accepted and the defendant is now adjudged guilty of that offense.

(Id., PP. 17-18).

The Eighth Circuit has held that, "'[s]olemn declarations in open court carry a strong presumption of verity.'" *Smith v. Lockhart*, 921 F.2d 154, 157 (8th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977)). This Court thus finds that Movant entered her plea of guilty in a knowing and voluntary manner, with a full understanding of the nature of the charge against her and the consequences of her plea. Ground 1 of Movant's § 2255 Motion will therefore be denied.

## II.     Ground 2

As stated above, in Ground 2 of her § 2255 Motion Movant asserts her conviction was flawed because her confession/statement was coerced. (§ 2255 Motion, P. 4). In support of this assertion, Movant offers only the conclusory statement that she was "under the influence of drugs while presenting [her] statement." (Id.). As noted above, however, during her change of plea proceeding Movant testified under oath that she had never been treated for an addiction to narcotic drugs or alcohol, and that she was not under the influence of either that day. (Change of Plea Hearing Transcript (4:11CR247 JCH, ECF No. 37), P. 3). Furthermore, in reciting the facts the Government would prove in the event Movant's case proceeded to trial, Assistant United States Attorney Collins stated in part as follows:

> Agents would testify that Jane Doe [a missing juvenile transported to St. Louis and other Midwestern cities for commercial sex] told them that she met [Movant's co-defendant] Alexander and Norris in Minneapolis, Minnesota, around May 2010. Jane Doe told Alexander and Norris that she was 17 at the time they met, when she was actually 16 years old….

> Alexander and Norris bought food and clothing for Jane Doe and quickly trained her to work as a prostitute….Jane Doe stated that Alexander was her pimp who kept the proceeds of the commercial sex.
>
> Norris accompanied Jane Doe on meetings with customers for commercial sex and trained her as to what to do and say. Norris also collected the U.S. currency earned by Jane Doe to deliver to Alexander.
>
> Alexander also drove Jane Doe and the defendant over interstate highways to other cities for commercial sex after he and Norris posted Jane Doe on backpage.com….
>
> Norris was also interviewed after waiving her Miranda warnings. The defendant told investigators that she was a commercial sex worker and she worked with Jane Doe in Minnesota and that they travelled together to Indianapolis during the time charged in the information for the purpose of meeting men for commercial sex.

(Id., PP. 14-16). After listening to the above recitation, Movant testified under oath that she agreed with everything Ms. Collins had stated, and that she had in fact committed the acts as described by Ms. Collins. (Id., P. 17). At no time did Movant indicate she was impaired at the time she waived her *Miranda* rights and gave her statement, nor did she fault her attorney for failing to file a motion to suppress the statement on that basis. Under these circumstances, the Court finds no evidence that Movant's waiver was anything other than knowing and voluntary. *See United States v. Syslo*, 303 F.3d 860, 865 (8th Cir. 2002) (internal quotation marks and citations omitted) ("A waiver is knowing if it is made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. It is voluntary if it is the product of a free and deliberate choice rather than intimidation, coercion, or deception."). Ground 2 is denied.

### III.  Ground 3

As stated above, in Ground 3 of her § 2255 Motion Movant asserts she received ineffective assistance of counsel, in that counsel convinced her to execute a plea agreement without explaining the risks and benefits of the plea offer; failed to negotiate a lower sentence due to her status as a first time offender; and failed accurately to describe her role as a victim in the case, or to characterize her

as someone influenced by her co-defendant. (§ 2255 Motion, P. 4). In order to prevail on a claim of ineffective assistance of counsel, Movant must show that her attorney's performance was "deficient," and that the deficient performance was "prejudicial." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. To overcome this presumption, Movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.*

Even if Movant satisfies the performance component of the analysis, she is not entitled to relief unless she can prove sufficient prejudice. *Id.* at 691. Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. In the context of a guilty plea, to demonstrate prejudice Movant must show a reasonable probability that, but for counsel's errors, she would not have pled guilty, but would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).

Upon consideration the Court finds that with her claims, Movant fails to demonstrate deficient performance on the part of her attorney. With respect to her claim that counsel convinced her to execute a plea agreement without explaining the risks and benefits of the plea offer, the Court notes that attached to the Government's response is an Affidavit from Mr. Bruns, in which he attests in relevant part as follows:

> Ms. Norris and I spent numerous hours talking about her case both on the phone and in person. I explained the nature of the charges to Ms. Norris and the potential consequences of either a plea or trial in her case. In addition to our conversations, I sent Ms. Norris a letter dated April 26, 2012, attached hereto as Exhibit A, that enclosed a copy of the Sentencing Guidelines and relevant statutes.

> The April 26, 2011 letter also related conversations that I had with the Assistant United States Attorney relative to Ms. Norris' case. The AUSA informed me that if Ms. Norris decided not to plead to Enticement under 18 USC § 2422(a), that the Government would charge Ms. Norris with Coercion and Enticement under 18 USC § 1591. The enhanced charge would carry a 10 year mandatory minimum whereas the initial charge did not. The April 26, 2011 letter also related that "If you do not agree that you are guilty, you cannot plead guilty" and that her guideline range was estimated at 57-71 months.

(*See* Government's Exh. 1, ECF No. 7). Movant does not dispute any of the assertions in Mr. Bruns' Affidavit, and thus under the circumstances the Court does not find his performance was deficient in this regard.

With respect to Movant's claim that counsel was ineffective for failing to negotiate a lower sentence due to her status as a first time offender, and failing accurately to describe her role as a victim in the case, or to characterize her as someone influenced by her co-defendant, the Court notes that Mr. Bruns filed a Sentencing Memorandum in Movant's criminal case, in which he asserted in relevant part as follows:

> Ms. Norris is requesting that the Court grant a variance under 18 USC 3553(a) and impose a non-guideline sentence of probation. The Court can consider the nature and circumstances of the offense and the history and characteristics of the defendant when determining that a sentence is sufficient, but not greater than necessary, to achieve the goals of 18 U.S.C Section 3553(a). Reasons for variance include, but are not limited to:
>
> *Family History* Ms. Norris was raised mostly by her great-grandmother. Her mother abused drugs and alcohol throughout Latoshia's childhood. She had virtually no contact with her father. Latoshia's mother was both physically and verbally abusive to Latoshia. Latoshia's mother would physically beat her twice per week while Latoshia was growing up. She would verbally abuse Latoshia on a daily basis. During Latoshia's childhood, the family house was condemned and the family lived in various hotels and was homeless for a period of time.
>
> *Participation in this Offense* Latoshia's role in the offense was as a minor participant. Co-defendant Maurice Alexander brought Latoshia into prostitution at a young age. Thereafter, Alexander acted as Latoshia's "pimp" and controlled all the money that she received from prostituting. Alexander also impregnated Latoshia and she is the mother of their 2 year old daughter. Although Latoshia has had difficulty in separating from Alexander previously, she now feels that as he is confined with a sentence of 72 months, she will be successful in developing a life without him. She did not profit from her [] role in the offense

to the extent that the co-defendant Alexander did. Norris acted at Alexander's direction. Alexander was the main director of Norris and the victim Jane Doe.

*Contacts with criminal justice system* Latoshia has no prior felony contacts with the criminal justice system. Latoshia's significant contact with the criminal justice system is from a 2010 conviction for prostitution where she received 28 days stayed jail sentence and one year probation. As part of that probation, Latoshia has completed the "Breaking Free Program" in St. Paul, Minnesota. (See Certificate and Letter attached hereto, contact person is Joy Friedman at 651-367- 9555.) As part of the 14 week program, Latoshia is beginning to learn how to lead a life beyond prostitution. Latoshia has "Alumni" status with "Breaking Free" and is to attend group meetings, receive psychotherapy services, and continue to work with her Case Manager to set goals and follow-up on her progress.

Ms. Norris is eligible for probation by statute with the conditions of either a fine, restitution, or community service. 18 USC §3561(c)(1) provides that a term of probation shall be from 1 to five years. A sentence of probation would reflect the seriousness of the offense, promote respect for the law, provide just punishment and deterrence and protect the public in the future. Latoshia is not likely to reoffend if she is granted probation because she will have the continued support and guidance of "Breaking Free" during a time in which Alexander is serving a sentence of 72 months. A sentence of probation will provide Latoshia time [to] get her life in order while Alexander is away so that upon his release she is well-established with her child and will be able to effectively protect herself, and her child, from any attempt he may make to re-enter her life. Sentencing Latoshia to even the minimum guideline range of 51 months will place her at a significant disadvantage in establishing her life without Alexander and will increase the likelihood of Latoshia to reoffend.

(Sentencing Memorandum (4:11CR247 JCH, ECF No. 25), PP. 2-4). Mr. Bruns continued to advocate on Movant's behalf during sentencing, as follows:

Judge, I would just ask you to have as much mercy as possible. I think the best chance for Latoshia Norris to have a crime free life is to be as far away from Maurice Alexander and have a chance to establish a life on the outside without him.

(Sentencing Hearing Transcript (4:11CR247 JCH, ECF No. 38), PP. 2-3). Finally, in his Affidavit submitted to the Court in this proceeding, Mr. Bruns stated as follows:

Prior to Ms. Norris' sentencing, I filed with the Court a Sentencing Memorandum. In the Memorandum and at the Sentencing Hearing, I requested a variance from the sentencing guideline range of 51 to 63 months for a non-guideline sentence of probation. I further provided the Court with a letter and certificate from the "Breaking Free" program that Ms. Norris attended. Throughout my representation of Ms. Norris, I repeatedly asked her to provide me with details concerning her relationship with her co-defendant. I implored Ms. Norris to "help herself out" by either agreeing to testify against the co-defendant or provide me with information that I might use in sentencing. Ms. Norris steadfastly refused to

implicate her co-defendant in any meaningful way that would be helpful to her prior to plea or at sentencing.

(ECF No. 7). Upon consideration of the foregoing, the Court finds Mr. Bruns' performance fell well within the wide range of professionally competent assistance sanctioned by *Strickland*. Ground 3 is denied.[6]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1) is **DENIED,** and her claims are **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

Dated this  9th  Day of July, 2014.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

6 As further support for its ruling, the Court notes that Movant fails to demonstrate the requisite prejudice as well; in other words, she fails to establish a reasonable probability that absent her counsel's alleged errors, she would have insisted on proceeding to trial. Rather, as noted above, during the guilty plea proceeding Movant testified under oath as to her understanding of both the charge and associated penalty, and the terms of the plea agreement itself. Movant further acknowledged committing the acts as described in the agreement. This Court thus finds that Movant's own testimony demonstrates she committed the offense at issue, voluntarily pled guilty, and received effective assistance of counsel. *See Smith*, 921 F.2d at 157.